IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SARA LEE GOFF, d/b/a SARA'S SECRET SECRET/CONDOMS TO GO** and **LEXUS GROUP, INC.**, <br><br> Plaintiffs, <br><br> v. <br><br> **THE CITY OF MURPHY, TEXAS**, **THE CITY OF GARLAND, TEXAS**, and **THE CITY OF ROWLETT, TEXAS**, <br><br> Defendants. | § § § § § § § § § § § § § § § Civil Action No. **3:08-CV-1660-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is City of Murphy, Texas'[s] Rule 12(b)(1) Motion to Dismiss for Lack of Standing, filed October 14, 2008. After careful consideration of the motion, response, and applicable law, the court **grants** City of Murphy, Texas'[s] Rule 12(b)(1) Motion to Dismiss for Lack of Standing.

This case arises from a dispute regarding the denial of various applications for certificates of occupancy. Plaintiff Sara Lee Goff d/b/a Sara's Secret/Condoms To Go ("Goff") is the sole shareholder for Lexus Group, Inc. ("LGI"), which operates retail establishments that sell, "*inter alia*, lotions, creams, oils, herbal pills, lingerie, games, bachelor and bachelorette party goods, condoms, cards, costumes, accessories, and instructional video tapes and DVD's." Pl.'s Compl. ¶7. LGI applied for certificates of occupancy with The City of Murphy, Texas; The City of Garland, Texas; and The City of Rowlett, Texas, because it wanted to open locations in these cities. Each application was denied.

Goff brings suit against Defendants The City of Murphy, The City of Garland, and The City of Rowlett, Texas (collectively, "Defendants").  She alleges that Defendants violated her constitutional rights by denying the applications for certificates of occupancy that LGI filed with each of the cities and she seeks injunctive relief to require Defendants to issue the certificates.

On October 10, 2008, the court determined that Goff lacked standing to bring this action. On October 14, 2008, City of Murphy, Texas'[s] Rule 12(b)(1) Motion to Dismiss for Lack of Standing was filed.  In response to this motion, Goff requests that the court reconsider its conclusion. Relying on *Reliable Consultants, Inc. v. Earle*,[*] Goff contends that she has standing because she "shares Constitutional guarantees of free expression concomitantly with Lexus Group." Pl.'s Resp. 8.  Goff's reliance on *Reliable Consultants* is misplaced.

*Reliable Consultants* involved a statute that criminalized the sale of sexual devices.  The government argued that retailers that distributed sexual devices for profit could not assert the individual rights of their customers.  The court held that this argument lacked merit based upon United States Supreme Court precedent "holding that (1) bans on commercial transactions involving a product can unconstitutionally burden individual substantive due process rights and (2) lawsuits making this claim may be brought by providers of the product." *Reliable Consultants*, 517 F.3d at 743.  The same concerns are not present in this case.  The City of Murphy merely requires an operator of a sexually oriented business (as defined by its ordinance) to obtain a license.  It does not seek to criminalize the sale of sexual devices or ban commercial transactions involving them. Therefore, *Reliable Consultants* is distinguishable from this case, and the court will not reconsider its prior standing determination based upon it.

---

[*]517 F.3d 738 (5th Cir. 2008).

**Memorandum Opinion and Order – Page 2**

For the reasons stated herein and in its October 10, 2008 order, the court **determines** that Goff lacks standing to bring this action. Accordingly, the court **grants** City of Murphy, Texas'[s] Rule 12(b)(1) Motion to Dismiss for Lack of Standing and **dismisses** all claims against The City of Murphy brought by Sara Lee Goff d/b/a Sara's Secret/Condoms To Go.

**It is so ordered** this 9th day of April, 2009.

Sam A. Lindsay
United States District Judge