IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SARA LEE GOFF, d/b/a SARA'S SECRET SECRET/CONDOMS TO GO** and **LEXUS GROUP, INC.**, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:08-CV-1660-L** |
| **THE CITY OF MURPHY, TEXAS**, **THE CITY OF GARLAND, TEXAS**, and **THE CITY OF ROWLETT, TEXAS**, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is City of Rowlett, Texas'[s] Rule 12(b)(1) Motion to Dismiss for Lack of Standing and Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Ripeness), filed October 14, 2008. After careful consideration of the motion, response, and applicable law, the court **grants** City of Rowlett, Texas'[s] Rule 12(b)(1) Motion to Dismiss for Lack of Standing and **grants** City of Rowlett, Texas'[s] Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Ripeness).

### I.   Factual and Procedural Background

This case arises from a dispute regarding the denial of various applications for certificates of occupancy. Plaintiff Sara Lee Goff d/b/a Sara's Secret/Condoms To Go ("Goff") is the sole shareholder for Lexus Group, Inc. ("LGI"), which operates retail establishments that sell, "*inter alia*, lotions, creams, oils, herbal pills, lingerie, games, bachelor and bachelorette party goods, condoms, cards, costumes, accessories, and instructional video tapes and DVD's." Pl.'s Compl. ¶7. LGI applied for certificates of occupancy with The City of Murphy, Texas; The City of Garland, Texas;

and The City of Rowlett, Texas, because it wanted to open locations in these cities. Each application was denied.

Goff brings suit against Defendants The City of Murphy, The City of Garland, and The City of Rowlett, Texas (collectively, "Defendants"). She alleges that Defendants violated her constitutional rights by denying the applications for certificates of occupancy that LGI filed with each of the cities, and she seeks injunctive relief to require Defendants to issue the certificates.

## II. Rule 12(b)(1) Motion to Dismiss for Lack of Standing

On October 10, 2008, the court determined that Goff lacked standing to bring this action. On October 14, 2008, the City of Rowlett, Texas'[s] Rule 12(b)(1) Motion to Dismiss for Lack of Standing and Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Ripeness) were filed. In response to these motions, Goff sets forth her arguments regarding ripeness and adopts the arguments regarding standing advanced in her response to the City of Murphy, Texas'[s] Rule 12(b)(1) Motion to Dismiss for Lack of Standing. On April 9, 2009, in ruling on The City of Murphy's motion, the court determined that the case upon which Goff relied to establish standing, *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738 (5th Cir. 2008), was distinguishable from this case. The court held that because The City of Murphy merely required an operator of a sexually oriented business (as defined by its ordinance) to obtain a license and did not seek to criminalize the sale of sexual devices or ban commercial transactions involving them, the concerns present in *Reliable Consultants* were not present in this case. Therefore, the court declined to reconsider its prior standing determination based upon it. Because Goff adopts these same arguments in response to The City of Rowlett's motion, the court reaches the same conclusion. Accordingly, the court will **grant**

City of Rowlett, Texas'[s] Rule 12(b)(1) Motion to Dismiss for Lack of Standing and **dismiss** all claims against The City of Rowlett brought by Sara Lee Goff d/b/a Sara's Secret/Condoms To Go.

Further, The City of Garland has not moved to dismiss the claims brought by Sara Lee Goff d/b/a Sara's Secret/Condoms To Go. Standing is jurisdictional, however, and the court has an affirmative duty to determine its jurisdiction. The court previously determined that Goff lacked standing to bring this action and declined to reconsider this determination based upon *Reliable Consultants*. Therefore, the court will also **dismiss** all claims against The City of Garland brought by Sara Lee Goff d/b/a Sara's Secret/Condoms To Go. Accordingly, no claims brought by Sara Lee Goff d/b/a Sara's Secret/Condoms To Go will remain for disposition.

## III.     Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Ripeness)

The City of Rowlett contends that the claims against it are not ripe for judicial determination because it has not denied LGI's application for a certificate of occupancy. The City of Rowlett merely informed LGI that its proposed business *may be* a sexually oriented business and requested that LGI either furnish documentation that it was not a sexually oriented business or apply for a conditional use permit for a location within the permitted zoning district for a sexually oriented business. *See* Rowlett's App., Keri Samford Aff. Ex. 2. LGI responds that its claims are ripe because it "abandoned hope of convincing Rowlett . . . that [it] was not a sexually oriented business." Pls.' Resp. 8, ¶3.5. LGI contends that an injury in fact is established by its voluntary cessation of constitutionally protected conduct "in the wake of denials from the City of Garland and the City of Murphy." *Id.* at ¶7, 3.4.

This circuit summarizes the applicable law as follows:

> Article III of the Constitution confines the federal courts to adjudicating actual "cases" and "controversies." In an attempt to

**Memorandum Opinion and Order – Page 3**

> give meaning to Article III's "case or controversy requirement," the courts have developed a series of principles termed "justiciability doctrines." One such doctrine that "cluster[s] about Article III" is ripeness. Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review.

*United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) (citation omitted). In determining whether a claim is ripe for judicial review, a court considers "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir.1987) (citation omitted). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation and internal quotation marks omitted). When a case is abstract or hypothetical, a court should dismiss it for lack of ripeness. *New Orleans Pub. Serv.*, 833 F.2d at 586.

LGI contends that its claims are ripe because "the voluntary cessation of [c]onstitutionally protected conduct in the face of possible prosecutions or denial of [c]onstitutional rights constitutes a sufficient injury to satisfy standing and ripeness requirements." Pls.' Resp. 7, ¶3.3. This contention is flawed for three reasons.

First, LGI bases this contention on two cases– *Virginia v. American Booksellers Ass'n*, 484 U.S. 383 (1988), and *Baker v. Wade*, 769 F.2d 289 (5th Cir. 1985). Both cases, however, involve pre-enforcement challenges to statutes that, if violated, could result in criminal prosecution. Because Goff does not face criminal charges as LGI's corporate representative, the reasoning in those cases does not apply to this case.

Second, even assuming LGI has identified constitutionally protected rights that would be harmed by the denial of its application for a certificate of occupancy, it has not yet suffered harm

**Memorandum Opinion and Order – Page 4**

because the application has not been denied. The City of Rowlett merely requested additional information from LGI during the application process for a certificate of occupancy. The court does not know what information LGI would have provided in response to this request or how the City of Rowlett would have treated the information. Upon receipt of the requested information, the certificate of occupancy may or may not be granted, and LGI may or may not suffer harm. LGI's claims against The City of Rowlett rest upon contingent future events that may not occur as anticipated or that may not occur at all. Accordingly, LGI's claims against The City of Rowlett remain "abstract and hypothetical," and are not ripe for judicial review. *See Monk v. Huston*, 340 F.3d 279, 282-83 (5th Cir. 2003) (holding case not ripe for adjudication where plaintiffs had not suffered harm because permit process not yet complete).

Third, LGI admits that it voluntarily withdrew from its pursuit of a certificate of occupancy from The City of Rowlett "in the wake of denials from the City of Garland and the City of Murphy." Pls.' Resp. 7, ¶3.4. Therefore, its withdrawal from allegedly constitutionally protected conduct was not based on any action taken by The City of Rowlett. It was based upon LGI's *fear* that The City of Rowlett *might* take the same action as The City of Garland and The City of Murphy. Assuming LGI's fear was reasonable in light of the seven other Texas cities that granted similar applications after enacting similar ordinances, this fear is nevertheless based purely on LGI's speculation that The City of Rowlett will deny its application. Such speculation constitutes neither concrete, actual, nor imminent harm. Therefore, as previously stated, LGI's claims against The City of Rowlett are at best "abstract and hypothetical," and are not ripe for judicial review. Accordingly, the court will

**Memorandum Opinion and Order – Page 5**

grant City of Rowlett, Texas'[s] Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Ripeness).[*]

## IV. Conclusion

For the reasons herein stated, the court **determines** that Goff lacks standing to bring this action. Accordingly, the court **grants** City of Rowlett, Texas'[s] Rule 12(b)(1) Motion to Dismiss for Lack of Standing and **dismisses** all claims against The City of Rowlett brought by Sara Lee Goff d/b/a Sara's Secret/Condoms To Go. The court also **dismisses** all claims against The City of Garland brought by Sara Lee Goff d/b/a Sara's Secret/Condoms To Go. Therefore, no claims brought by Sara Lee Goff d/b/a Sara's Secret/Condoms To Go remain for disposition.

Additionally, the court **determines** that LGI's claims against The City of Rowlett are not ripe for judicial review. Accordingly, the court grants City of Rowlett, Texas'[s] Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Ripeness) and **dismisses** all remaining claims against The City of Rowlett.

**It is so ordered** this 15th day of April, 2009.

Sam A. Lindsay
United States District Judge

---

[*]Although The City of Rowlett has filed this motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court treats it as one for dismissal based on jurisdictional grounds because ripeness is an Article III requirement and is jurisdictional. The court's ruling is therefore not a ruling on the merits.